UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EON SHEPHERD,

                              Petitioner,

      -against-                                                9:17-CV-548 (LEK)

COMMISSIONER ANNUCCI.,

                              Respondent.

## DECISION AND ORDER

Petitioner Eon Shepherd, an inmate at Sullivan Correctional Facility,[1] filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he purportedly challenges a disciplinary sentence of "thirty days (30) confinement" that was imposed on February 27, 2015, following a disciplinary hearing. Pet. at 1.[2] Petitioner claims that his rights to procedural due process in relation to the disciplinary hearing were violated when he was denied, inter alia, the right to consult with counsel and the right to be informed of and review documentary and scientific evidence. Id. at 6–21. He paid the filing fee.

Based upon the allegations that Petitioner was sentenced to thirty days' confinement, but nothing else—e.g., loss of good time credits—it appears that this action should have been brought under 42 U.S.C. § 1983, and not § 2254, because the challenged disciplinary sentence

---

[1] When the petition was originally filed on April 10, 2017, Petitioner was an inmate at Five Points Correctional Facility. Dkt. No. 1 ("Petition") at 1. As of July 7, 2017, Petitioner is an inmate at Sullivan Correctional Facility. See Letter Motion at 1, Shepherd v. Annuci, No. 15-cv-665 (N.D.N.Y. July 7, 2017), ECF No. 94. However, the Petition does not state the facility in which Petitioner received the challenged disciplinary sentence.

[2] The Petition was originally filed in the United States District Court for the Western District of New York, and was then transferred to this Court. Dkt. Nos. 2–3. The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

does not impact the overall length of the Petitioner's confinement on his state court criminal conviction. Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994); see also Jenkins v. Haubert, 179 F.3d 19, 25 (2d Cir. 1999) ("[A] § 1983 suit by a prisoner . . . challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by Heck and Edwards"). However, before the Court recharacterizes this Petition as a complaint under § 1983, see Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (noting that pro se petitions should be characterized according to the relief sought, and not to the label given to them by pro se petitioners), it will give Petitioner the opportunity to show that this action was properly brought as a petition for habeas corpus relief under § 2254, see Dorsey v. New York, No. 11-CV-1097, 2012 WL 2930084, at *3 (W.D.N.Y. July 13, 2012) (providing such opportunity); Adams v. McGinnis, 317 F. Supp. 2d 243, 244–45 (W.D.N.Y. 2004) (same).

Accordingly, it is hereby:

**ORDERED**, that Petitioner must submit a written response to this Order by August 21, 2017, either (1) consenting to the recharacterization of his Petition as a complaint under 42 U.S.C. § 1983, or (2) demonstrating why he properly filed the present action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and, therefore, why the Court should not recharacterize it as a complaint under § 1983. Petitioner's failure to timely respond to this Order will result in the recharacterization of this Petition as a § 1983 civil rights complaint; and it is further

**ORDERED**, that if Petitioner consents to the recharacterization or does not file a response to this order by August 21, 2017, demonstrating why the Petition should not be

recharacterized as a complaint under § 1983, he shall submit an amended compliant under 42 U.S.C. § 1983 by August 21, 2017; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 17, 2017
         Albany, New York

Lawrence E. Kahn
U.S. District Judge